## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ISUZU MOTORS LIMITED,

Plaintiff,

v.

THERMO KING CORPORATION,

Defendant.

Civil No. 05-2174 (JRT/JJG)

**MEMORANDUM OPINION AND ORDER**

Bethany Rubin Henderson, Fred G. Bennett, James D. Stein, and Ryan S. Goldstein, **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**, 865 South Figueroa Street, Tenth Floor, Los Angeles, CA 90017; and Jeanette M. Bazis and Nancy E. Brasel, **GREENE ESPEL, PLLP**, 200 South Sixth Street, Suite 1200, Minneapolis, MN 55402, for plaintiff.

Chad A. Schiefelbein and Karen P. Layng, **VEDDER PRICE KAUFMAN & KAMMHOLZ, PC**, 222 North LaSalle Street, Suite 2400, Chicago, IL 60601; and Michael J. Steinlage, **LARSON KING, LLP**, 30 East Seventh Street, Suite 2800, Saint Paul, MN 55101, for defendant.

Plaintiff Isuzu Motors Limited ("Isuzu") filed this lawsuit against defendant Thermo King Corporation ("Thermo King"), asserting claims of unjust enrichment, quantum meruit, and promissory estoppel, related to Isuzu's development of engines for Thermo King. Thermo King now moves to dismiss, or in the alternative, to compel arbitration of the claims pursuant to an arbitration agreement between the parties. For the following reasons, the Court grants Thermo King's motion in part, and stays the case pending arbitration.

## BACKGROUND

Thermo King produces temperature control systems for use in transportation equipment, such as trailers, buses, and ship and railway containers. Isuzu manufactures diesel engines, which are incorporated into Thermo King's temperature control systems. Beginning in 1976, Isuzu has supplied Thermo King with a 2.2-liter diesel engine (the "D201" engine), for use in Thermo King's 40-foot refrigeration units. Until 1998 Isuzu supplied Thermo King with the D201 through a third-party distributor. In 1998, the parties entered into an Engine Supply and Purchase Agreement (the "Agreement"), pursuant to which Isuzu supplied the D201 directly to Thermo King. The Agreement contains an arbitration provision, requiring the parties to arbitrate all disputes relating to the Agreement in accordance with the Rules of the International Chamber of Commerce.

In 2000, Thermo King and Isuzu began work on a smaller, lighter 1.7-liter engine (the "4LC2" engine) for Thermo King's refrigerated containers. Work on the 4LC2 continued for approximately three years. Isuzu claims that during that timeframe, the parties met frequently, and Thermo King provided Isuzu with its requirements and specifications for the 4LC2. Isuzu also claims that Thermo King's requirements kept changing, which required Isuzu to continually re-design the 4LC2. Isuzu asserts that it invested substantial money and time into designing and developing the 4LC2.

In February 2003, Thermo King cancelled work on the 4LC2. On September 19, 2005, Isuzu filed the complaint in the underlying action in federal court, and also filed a Request for Arbitration in the International Chamber of Commerce Court of Arbitration.


In Isuzu's federal court complaint, it raises claims of unjust enrichment, quantum meruit, and promissory estoppel, related to Isuzu's design and development of the 4LC2 engine. In Isuzu's Request for Arbitration, it requests a determination by the arbitrator that the Agreement does not apply to the 4LC2 engine.

## ANALYSIS

### I.   Standard of Review

In a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff and presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). The Court may dismiss a claim only where the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).[1]

### II.   Motion to Compel Arbitration

As evidenced by the Federal Arbitration Act, there is a strong federal policy in favor of enforcing arbitration agreements. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). If claims are arbitrable under the Federal Arbitration Act, the claims must be referred to arbitration, and the judicial proceedings

---

[1] A court ruling on a motion to dismiss may consider "materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings," such as a contract to which all parties agree. *Haley v. AIG Life Ins. Co.*, 2002 WL 417419, at *2 (D.N.D. Jan. 24, 2002); *see Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Here, Thermo King brings its motion to dismiss based on the terms of the Agreement, a contract to which the parties agree, and which is part of the public record. *See* Docket No. 17 (copy of Agreement). Therefore, the Court relies on the Agreement in ruling on Thermo King's motion to dismiss.

must be stayed pending that arbitration. *See id.*; 9 U.S.C. §§ 2, 3. In determining whether a claim is arbitrable, the court must first decide whether a valid agreement to arbitrate exists between the parties, and then decide whether the specific dispute falls within the scope of that agreement. *Daisy Mfg. Co. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994). In engaging in the inquiry, the Court applies "ordinary state law contract principles to decide whether parties have agreed to arbitrate a particular matter." *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 992 (D. Minn. 1999).[2]

Thermo King moves for an order compelling arbitration of Isuzu's claims, and requests the Court to dismiss, or, in the alternative, stay Isuzu's claims pending arbitration, pursuant to the terms of the Agreement. Here, the arbitration provision in the Agreement states "all disputes" relating to the Agreement, including its "validity, scope or enforceability," shall be submitted to arbitration:

> Any and all disputes concerning questions of fact or law relating to, arising from or in connection with the interpretation, performance, non-performance or termination of this Agreement (including the validity, scope, or enforceability of this Agreement to arbitrate) or any transaction conducted under this Agreement shall be settled by mutual consultation between the parties in good faith as promptly as possible, but failing amicable settlement, shall be settled under the Rules of Conciliation and Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the Rules.

The Court finds that the Agreement is clear and unambiguous, and that Isuzu's claims must be submitted to arbitration. First, the parties do not dispute that the Agreement contains a valid arbitration provision, and that the Agreement, at a minimum, applies to

---

[2] The parties agree that the Agreement is governed by Delaware law. Delaware courts enforce arbitration agreements. *See Bd. of Educ. of the Caesar Rodney School Dist. v. Caesar Rodney, Educ. Ass'n DSEA/NEA*, 2003 WL 22232608, at *5-7 (Del. Ch. Ct. Sept. 17, 2003).

Isuzu's sales of the D021 engine to Thermo King.  Second, the issue of whether the Agreement also applies to claims related to the 4LC2 engine is plainly encompassed by the language "any dispute . . . including the validity, scope or enforceability of this Agreement," which, under the terms of the arbitration provision, shall be resolved by the arbitrator, rather than the Court.  Finally, enforcing the arbitration provision in the Agreement is consistent with the strong policy in favor of enforcing arbitration agreements.  Accordingly, the Court will stay the case pending resolution of the arbitrator's determination whether the Agreement applies to claims related to the 4LC2 engine.

### III.    Motion for Attorneys' Fees

Thermo King also seeks its attorneys' fees incurred in bringing the motion to compel arbitration, arguing that the terms of the Agreement forbid Isuzu from bringing claims in federal court.

The Court denies Thermo King's motion for attorneys' fees.  The Court finds that Isuzu has proffered a non-frivolous interpretation of the Agreement, and that under Isuzu's interpretation of the Agreement, the Agreement does not apply to Isuzu's claims related to the 4LC2, which would leave Isuzu free to raise those claims in federal court. Accordingly, an award of attorneys' fees is not appropriate here.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Thermo King's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration [Docket No 15] is **GRANTED in part and DENIED in part** as follows:

1.  Isuzu is **ORDERED** to submit its claims to arbitration in accordance with the Agreement;

2.  All further proceedings with respect to Isuzu's claims are **STAYED PENDING ARBITRATION**; and

3.  Thermo King's request for attorneys' fees incurred in connection with this motion is **DENIED**.

DATED:   August 7, 2006  
at Minneapolis, Minnesota.

                                            s/ John R. Tunheim  
                                              JOHN R. TUNHEIM  
                                            United States District Judge